IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-176-BO

| | |
|---|---|
| DARRYL LAMONT SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | O R D E R |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on August 27, 2013, at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively applied for SSI on September 22, 2008, alleging disability beginning April 1, 2008. Plaintiff later amended his onset date to the date of his application. His claims were denied initially and on reconsideration. On June 7, 2010, an Administrative Law Judge (ALJ) held a video-hearing at which plaintiff, his attorney, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ issued a decision finding that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in any substantial gainful since his amended alleged onset date at step one, the ALJ determined that plaintiff's scleroderma was a severe impairment. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform a limited range of sedentary work. At step four, the ALJ found that plaintiff could not perform any past relevant work, but found at step five that, considering

2

plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination, and the Court agrees. An RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Plaintiff claims that in order to manage the effects of an ileus in his small intestine, he must eat small meals throughout the day and needs access to a bathroom following meals. Tr. 34-35. Though plaintiff's stomach was noticeably distended at the hearing, Tr. 37, the ALJ found plaintiff's testimony regarding his need to frequently use the bathroom due to diarrhea not credible based on plaintiff's reports to his physicians that his bowel problems had improved.

The ALJ's reliance on plaintiff's normal colonoscopy to discredit plaintiff's statements regarding his frequent bathroom needs, however, was misplaced – plaintiff's ileus was located in his small intestine, which would not normally be assessed in a routine colonoscopy. Further, the ALJ failed to adequately either consider or explain his reasons for rejecting as credible plaintiff's testimony regarding his need to eat small meals frequently throughout the day. "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). What effect this might have on the jobs available to plaintiff is unknown as such information was not included in the ALJ's hypothetical to the VE, nor was it included in plaintiff's attorney's hypothetical without the additional requirement of frequent bathroom breaks.

3

Because the ALJ's finding that plaintiff's testimony was not entirely credible was based in part on irrelevant evidence and because the ALJ failed to explicitly address or explain his reasons for rejecting plaintiff's claim regarding his need to eat small meals throughout the day, plaintiff's RFC is not supported by substantial evidence. In light of the foregoing, the hypotheticals posed to the VE were not proper and a remand of this matter is in order.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 23] is GRANTED, defendant's motion for judgment on the pleadings [DE 25] is DENIED, and this matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __12__ day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE